UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                              :    Chapter 13

SAVILLA STOLTZFUS                                  :

      Debtor                                :    Bankruptcy No. 09-11904bf

..................................................

STATEMENT OF REASONS IN SUPPORT OF ORDER

..................................................

      AND NOW, upon motion of PSR Kirkwood, LLC, PSR Lancaster, LLC and Little Elk Creek Farm, LLC, seeking relief from the automatic stay to proceed with ejecting the chapter 13 debtor from the real property located at 834 Pumping Station Road, Kirkwood, Pennsylvania,

      And upon consideration of the debtor's opposition thereto,

      And after an evidentiary hearing under 11 U.S.C. § 362(e) attended by the debtor and her spouse,

      And the debtor and her spouse, Mr. Daniel Stoltzfus, are former record owners of the real property located on Pumping Station Road,

      And on October 9, 2001, the debtor and Mr. Stoltzfus signed a promissory note in favor of Old Order Amish Helping Program in the amount of $300,000, secured by a mortgage on the Pumping Station Road realty. See ex. M-4,

      And a payment dispute arose between the debtor (and her husband) and the mortgagee, which dispute gave rise to a civil action in mortgage foreclosure in the Court of Common Pleas of Lancaster County, Pennsylvania. See ex. M-1,

      And on or about November 8, 2006, the debtor (along with her husband) and Old Order Amish Helping Program entered into a settlement, which agreement was

approved by the state court on November 13, 2006, affording the Stoltzfuses until January 5, 2007 to repay the promissory note in full, along with costs and fees. If they failed to do so then judgment in the amount of $295,925.21 (less any partial payments) would be entered upon affidavit of the mortgagee. Ex. M-1,

And, pursuant to this agreement, judgment in foreclosure was entered by the state court against the debtor and her spouse. A writ of execution was later entered and the Pumping Station Road property was sold at a foreclosure sale. A Sheriff's Deed, dated June 27, 2007, was recorded in favor of John R. Glick. Ex. M-2,

And on February 28, 2008, the promissory note held by Old Order Amish Helping Program was repaid in full from the proceeds of sale. Ex. M-4,

And after the sheriff sale of their realty, the Stolzfuses filed a petition to set aside the sheriff sale as well as exceptions to the scheduled distributions from that sale. On December 12, 2007, the state court denied this petition and exceptions. Ex. M-6. The court ordered that the sheriff sale was "confirmed" and the distribution of sale proceeds was to proceed. Id.,

And on February 4, 2008, the state court denied the Stoltzfuses' motion for reconsideration. Ex. M-8,

And on February 12, 2008, John R. Glick transferred the Pumping Station Road property to movants PSR Kirkwood, LLC, PSR Lancaster, LLC and Little Elk Creek Farm, LLC. Ex. M-3,

And PSR Kirkwood, LLC, PSR Lancaster, LLC and Little Elk Creek Farm, LLC thereafter commenced an ejectment action in state court to recover possession of the Pumping Station Road realty from the Stoltzfuses,

And on November 17, 2008, the state court granted PSR Kirkwood, LLC, PSR Lancaster, LLC and Little Elk Creek Farm, LLC judgment for possession and directed that a writ of possession be issued forthwith. Ex. M-5. This order was entered upon joint motion of the Stoltzfuses and the titleholders to the realty. Id.,

And on November 26, 2008, Mr. Stoltzfus filed a chapter 13 case, docketed at Bankr. No. 08-17813, which filing had the intended effect, pursuant to 11 U.S.C. § 362(a), of staying the imminent ejectment of the Stoltzfuses from the Pumping Station realty,

And at a hearing in Mr. Stoltzfus's bankruptcy case in January 2009 to consider a motion filed by PSR Kirkwood, LLC, PSR Lancaster, LLC and Little Elk Creek Farm, LLC, which motion sought relief from the automatic stay under section 362(d) to proceed with the state court ejectment action, Mr. Stoltzfus conceded that his purpose in filing his chapter 13 bankruptcy petition was to commence litigation in this bankruptcy court to vacate the sheriff sale of his realty and the foreclosure judgment against him, as he believed that the judgment and sale were improper,

And in Mr. Stoltzfus's chapter 13 case, his bankruptcy schedules listed as his only creditors PSR Kirkwood, LLC, PSR Lancaster, LLC and Little Elk Creek Farm, LLC and Old Order Amish Helping Program. The first three entities were scheduled as holding no valid obligations. Old Order Amish Helping Program was listed as being owed a secured claim in the amount of $267,049.71, although the promissory note had been repaid in full. Furthermore, Mr. Stoltzfus's bankruptcy schedules asserted that he held a fee simple ownership interest in the Pumping Station Road property despite the sheriff's deed conveyance,

3

And Mr. Stoltzfus proposed a chapter 13 plan calling for no monthly payments to the chapter 13 trustee, and no payments to secured or unsecured creditors. Instead, his proposed plan stated:

> Upon confirmation of the Plan, title to all property of the estate shall revest in the Debtor. The Debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein.

And a Statement of Reasons and accompanying order dated January 21, 2009 were issued in Mr. Stoltzfus's chapter 13 case, granting PSR Kirkwood, LLC, PSR Lancaster, LLC and Little Elk Creek Farm, LLC relief from the automatic stay to resume their ejectment action,

And Mr. Stoltzfus's chapter 13 case was dismissed on March 10, 2009, upon the unopposed motion of the chapter 13 trustee. The trustee alleged in his dismissal motion, inter alia, that Mr. Stoltzfus failed to attend the meeting of creditors and failed to file all required documents,

And, during the time that Mr. Stoltzfus's chapter 13 case was pending, the Stoltzfuses filed a civil action in the District Court for the Eastern District of Pennsylvania, docketed at C.A. No. 09-491, seeking to enjoin PSR Kirkwood, LLC, PSR Lancaster, LLC and Little Elk Creek Farm, LLC from proceeding with the ejectment action. That relief was denied by the district court on February 26, 2009, after a detailed recitation of the facts (including those mentioned above). Stoltzfus v. Old Order Amish Helping Program, 2009 WL 513289 (E.D. Pa. 2009),

4

And the Stoltzfuses then returned to state court seeking emergency injunctive relief against the pending ejectment action. The Court of Common Pleas recently[1] denied their requested relief,

And the Stoltzfuses were scheduled to be ejected from the Pumping Station realty on March 19, 2009,

And on March 18, 2009, Mrs. Stoltzfus filed her instant chapter 13 petition, pro se, which filing had the effect of again staying the ejectment proceeding,

And Mrs. Stoltzfus has not filed any bankruptcy schedules or a chapter 13 plan, but the deadline for such documents are April 2, 2009. See docket entry #6,

And PSR Kirkwood, LLC, PSR Lancaster, LLC and Little Elk Creek Farm, LLC filed the instant motion to terminate the bankruptcy stay and for sanctions, and requested an emergency hearing, which scheduling request was granted,

And at the emergency hearing, Mrs. Stoltzfus acknowledged that she had no creditors unless the foreclosure sale were vacated, in which circumstance she would have an obligation to repay Old Order Amish Helping Program; nor did she have any income. Moreover, she was unaware of her ownership of any individual or joint assets,

And accordingly to the extent this debtor theoretically could reorganize under chapter 13, funding for her chapter 13 plan could only be derived from the income or assets of Mr. Stoltzfus. Thus, this filing is essentially a second filing by the debtor's husband,

---

[1] In her response to the instant motion for relief from the bankruptcy stay, Mrs. Stoltzfus suggests that the Common Pleas denial of injunctive relief occurred on March 16, 2009. Answer, at 2.

5

And, as her husband did, Mrs. Stoltzfus asserts that the state court foreclosure judgment was entered in violation of state law. She also acknowledges that she filed this bankruptcy petition solely to obtain a stay of the pending ejectment so that she can further litigate in the Pennsylvania appellate courts the validity of the foreclosure and ejectment orders, and she seeks at least 90 days to do so. Debtor's Answer, at 2-3,

And therefore this chapter 13 filing was intended to provide the debtor with a stay pending appeal of the recent state court decision denying her injunctive relief,

And in deciding whether to terminate, modify, condition, or annul the bankruptcy stay under section 362(d)(1), I note that the issue is committed to bankruptcy court discretion, see In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990); In re Wilson, 116 F.3d 87, 89 (3d Cir. 1997) ("We review a decision to deny the automatic stay for abuse of discretion."); Matter of Holtkamp, 669 F.2d 505 (7th Cir. 1982); In re Shariyf, 68 B.R. 604 (E.D. Pa. 1986), and is to be determined by examining the totality of the circumstances. See In re Wilson, 116 F.3d at 90; Matter of Baptist Medical Center of New York, Inc., 52 B.R. 417, 425 (E.D.N.Y. 1985), aff'd, 781 F.2d 973 (2d Cir. 1986). Section 362(d)(1) permits termination of the bankruptcy stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[,]"

And if a chapter 13 debtor is unable to propose a viable reorganization plan, and/or the chapter 13 filing is not in good faith, such conduct or inability may constitute cause for relief from the bankruptcy stay as it could be grounds to dismiss the case. See generally, e.g., In re Phoenix Piccadilly, Ltd., 849 F.2d 1393, 1394 (11th Cir. 1988); In re Can-Alta Properties, Ltd., 87 B.R. 89, 91 (B.A.P. 9th Cir. 1988) (and cases cited); In re Harris, 192 B.R. 334, 337 (Bankr. W.D.N.Y. 1996); In re Club Tower L.P., 138 B.R. 307,

6

310 (Bankr. N.D. Ga. 1991); Matter of Nelson, 66 B.R. 231 (Bankr. D.N.J. 1986), aff'd without op., 838 F.2d 1207 (3d Cir. 1988); In re Augustus Court Associates, 43 B.R. 352, 354 (Bankr. E.D. Pa. 1984),

And whether cause exists to terminate the automatic stay includes consideration of whether there is some legitimate purpose to be served in a bankruptcy case by allowing the debtor to retain possession of realty, although she has no ownership interest in the property. If no valid purpose is served, then the stay should be terminated. See generally First National Fidelity Corp. v. Perry, 945 F.2d 61 (3d Cir. 1991) (mortgagee properly granted relief from stay when chapter 13 filing occurred after foreclosure judgment because, under bankruptcy law in effect at that time, the debtor/homeowner was unable to use chapter 13 to cure the mortgage default); In re Halley, 70 B.R. 283 (E.D. Pa. 1987) (when mortgage loan matured pre-bankruptcy, a chapter 13 reorganization plan cannot cure a loan default and so relief from the stay should be granted),

And federal bankruptcy courts, like other federal courts, must apply the required preclusive effect of a prior state court judgment. See, e.g., In re Brown, 951 F.2d 564, 568-69 (3d Cir. 1991); In re James, 940 F.2d 46 (3d Cir. 1991); In re Barber, 281 B.R. 617, 621 (Bankr. W.D. Pa. 2002); In re Gagliardi, 2002 WL 31478205 (Bankr. E.D. Pa. 2002) (state court default judgment entitled to full faith and credit and may not be collaterally attacked),

And, as a result, a bankruptcy court may not sit in review of state court judgments, be they entered by confession, see FRG, Inc. v. Manley, 919 F.2d 850 (3d Cir. 1990), by default, see Kelleran v. Andrijevic, 825 F.2d 692, 694 (2d Cir. 1987), cert.

7

denied, 484 U.S. 1007 (1988), or after trial or hearing. See, e.g., Heiser v. Woodruff, 327 U.S. 726 (1946). As noted by the Third Circuit Court of Appeals:

> The bankruptcy court is also prohibited from reviewing the state court's judgment by the Rooker-Feldman doctrine, which prohibits lower federal courts from sitting as effective courts of appeal for state court judgments. See, e.g., D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)); Besing v. Hawthorne (In re Besing), 981 F.2d 1488, 1496 (5th Cir. 1993) ("The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court [for state court proceedings]") (quoting In re G & R Mfg. Co., 91 B.R. 991, 994 (Bankr. M.D. Fla. 1988)).

In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997) (parallel citations omitted),[2]

And the Third Circuit Court of Appeals has instructed that federal courts have no jurisdiction to review the correctness of state court judgments entered by default. In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005),

And once the foreclosure sale took place prepetition, the debtor had no right to cure or reinstate her mortgage under Pennsylvania law. See In re Brown, 75 B.R. 1009 (Bankr. E.D. Pa. 1987); In re Rouse, 48 B.R. 236 (Bankr. E.D. Pa. 1985). Nor does she have any right to cure a prepetition mortgage default in a chapter 13 proceeding under federal bankruptcy law. 11 U.S.C. § 1322(c)(1). In such circumstances, relief from the bankruptcy stay generally is appropriate. See, e.g., In re Steele, 297 B.R. 589, 593 (Bankr. E.D. Mo. 2003) ("It is unlikely that a possessory interest in real property, without more, is likely to overcome a creditor's proof of cause to grant relief from the automatic

---

[2]Moreover, an adverse adjudication of a petition to set aside a foreclosure sale would be entitled to preclusive effect in the state court system. See Creciun v. McCann, 165 Pa. Super. 313, 315 (1949); Miller v. Dierken, 157 Pa. Super. 69 (1945).

8

stay."); In re Moore; In re Belmonte, 240 B.R. 843, 854 (Bankr. E.D. Pa. 1999) (when debtor's ownership interests in realty were terminated prepetition and the chapter 13 case cannot restore those rights, cause exists to terminate the bankruptcy stay), rev'd in part on other grds, 279 B.R. 812 (E.D. Pa. 2001); In re Yorke, 1996 WL 509614, at *2 (Bankr. E.D. Pa. 1996) ("Since the Debtor lacks title to her Home . . . she cannot propose a viable plan to cure arrears on, or liquidate, that mortgage. Since she cannot confirm a plan achieving these ends, the Bank is entitled to relief, pursuant to 11 U.S.C. § 362(d)(1), on its Stay Motion"); In re Brown (stay lifted when bankruptcy filed after foreclosure sale),

And the debtor here would have no right to use chapter 13 in an attempt to vacate state court foreclosure judgments or orders confirming sheriff sales by seeking to relitigate state court issues in this court. See In re Knapper; In re Wilson, 116 F.3d at 90,

And this chapter 13 petition was not filed in good faith as the debtor has no creditors, she commenced this case with the sole purpose to obtain a stay of state court litigation so she can prosecute a state court appeal, she has no income, and this case mimics her husband's unsuccessful chapter 13 case that just recently was dismissed. See generally In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996),

And, furthermore, there can be no administration of this chapter 13 case where the debtor has no creditors to repay unless and until the debtor successfully reinstates her mortgage in state court,

And, in addition, the scope of section 362(a) encompasses appeals from decisions involving claims against the debtor. See, e.g., Constitution Bank v. Tubbs, 68 F.3d 685 (3d Cir. 1995); Raymark Industries, Inc. v. Lai, 973 F.2d 1125, 1129 (3d Cir. 1992) ("[T]he automatic stay applies to all appeals in pre-petition actions against Chapter

9

11 debtors."); Cathey v. Johns-Manville Sales Corp., 711 F.2d 60, 61 (6th Cir. 1983) ("[T]he automatic stay of proceeding is applicable at both the trial and appellate levels."), cert. denied, 478 U.S. 1021 (1986),

And, therefore, section 362(a) stays Mrs. Stoltzfus's intended appeal to the state appellate courts, as it involves the foreclosure and ejectment actions against her. Unless the bankruptcy stay is terminated, the debtor cannot seek reversal in the Pennsylvania Superior Court of the ejectment order or foreclosure judgment, or the order confirming the sheriff sale. See Constitution Bank v. Tubbs, 68 F.3d at 693-94; see generally In re Krystal Cadillac Oldsmobile GMC Truck, Inc., 142 F.3d 631 (3d Cir. 1998); In re Highway Truck Drivers & Helpers Local Union No. 107, 888 F.2d 293, 298 (3d Cir. 1989); Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448-49 (3d Cir. 1982). Furthermore, as noted above, she can not seek to vacate state orders in this court. Thus, unless some relief from the bankruptcy stay is granted, this chapter 13 case cannot be administered at all,

And accordingly, given the debtor's improper purpose in filing this case, and given the inability to administer the case unless relief from the stay is granted, it is the better exercise of discretion to terminate the bankruptcy stay as to movants and the debtor so each can exercise their state law rights, if any, to obtain possession of the Pumping Station Road realty and prosecute whatever appeals and claims they may have concerning ownership and possession of such realty. See, e.g., In re Cohoes Industrial Terminal, Inc., 70 B.R. 214 (S.D.N.Y. 1986) (relief from stay was warranted in favor of the lessor when the debtor/tenant's right to possession had been extinguished pre-bankruptcy by state court order), aff'd without op., 831 F.2d 283 (2d Cir. 1987); In re Yorke, 1996 WL

10

509614, at *2 (Bankr. E.D. Pa. 1996); see also Matter of Highway Truck Drivers and Helpers Local Union 107, 98 B.R. 698, 705 (E.D. Pa. 1989), rev'd on other grounds, 888 F.2d 293 (3d Cir. 1989),

And the movants also seek monetary sanctions against the debtor, contending that her bankruptcy filing was in bad faith. Although I agree that this was a bad faith filing, the movants conceded at the hearing that monetary sanctions may be ineffectual, as the debtor appears to have no income nor assets. Movants' purpose in seeking sanctions, though, is to deter the debtor and her husband from future bankruptcy filings designed solely to prevent prosecution of the ejectment action,

And 11 U.S.C. § 362(d)(4) permits a court to enter an order terminating the bankruptcy stay that will govern future bankruptcy cases for a period of two years in limited circumstances. In order to obtain such relief,

> with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, . . . the court [must] find[] that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either--
>
> A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4),

And (as I observed in the January Statement of Reasons issued in Mr. Stoltzfus's bankruptcy filing), because the movants are not creditors of the debtor and do not hold claims secured by the debtor's interest in real property, the provisions of section

11

362(d)(4) are not applicable. See generally In re Young, 2007 WL 128280, at *10 (Bankr. S.D. Tex. 2007) (relief under section 362(d)(4) is intended to prevent harm to creditors),[3]

And, however, Fed. R. Bankr. 4001(a) directs that a motion to terminate the bankruptcy stay under section 362(d) be considered a contested matter under Fed. R. Bankr. P. 9014,

And Rule 9014(c) states that the provisions of Rule 7054 are applicable in all contested matters (unless the court otherwise directs),

And Rule 7054 incorporates Fed. R. Civ. P. 54(a)-(c). Rule 54(c) provides in relevant part: "Every [non-default] final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." See South Falls Corp. v. Rochelle, 329 F.2d 611, 619 (5th Cir. 1964) (" F. R. Civ. P. 54(c) . . . lays down the standard that except for default decrees the form of relief and the nature of the order to be entered is to be determined by what the facts establish, not what the lawyer prays for."),

And the movants, through their request for sanctions and as orally stated at the hearing, are seeking relief to prevent further misuse of the bankruptcy process by the debtor and her husband,

And, independent of section 362(d)(4), by virtue of 11 U.S.C. §§ 105(a) and 362(d), a bankruptcy court has the power to grant prospective relief from the automatic stay: "'The prospective order does not interfere with the right of the debtor to file a

---

[3] In contrast, relief for cause under section 362(d)(1) may be sought by any "party in interest."

bankruptcy, but does protect the creditor from multiple delays and removes the incentive of the debtor to act in an abusive manner.'" In re Hamer, 2000 WL 1230496, at *7 (E.D. Pa. 2000) (quoting In re Abdul-Hasan, 104 B.R. 263, 267 (Bankr. C.D. Cal. 1989)); see generally Baretz, Note, "Combating the Chapter 13 Serial Filer: An Argument for Orders Containing Prospective Relief From the Automatic Stay Provision," 25 Hofstra L. Rev. 1315 (1997),

And prospective relief from the bankruptcy stay is sometimes referred to as "in rem" relief. Upon the grant of "in rem" relief, the filing of a future bankruptcy case will not trigger the applicability of the bankruptcy stay as it relates to specific property. See In re Robinson, 2003 WL 22996982, at *2 n.5 (Bankr. E.D. Pa. 2003),

And given the Stoltzfuses' improper use of chapter 13 petitions, limited prospective relief from the stay is warranted in these factual circumstances,

Accordingly, any bankruptcy filings by the debtor or her husband within 180 days from the date of this order shall not act as a stay against PSR Kirkwood, LLC, PSR Lancaster, LLC and Little Elk Creek Farm, LLC, their successors or assigns, from exercising their state law right to recover possession of the Pumping Station Road realty. See In re Hamer, 2000 WL 1230496, at *9; In re Price, 304 B.R. 769, 774 (Bankr. N.D. Ohio 2004),

Finally, the stay provisions in Fed. R. Bankr. P. 4001(a)(3) shall not be applicable given the totality of circumstances surrounding this most recent bankruptcy filing. See generally In re Pick, 2008 WL 5392017, at *3 (Bankr. D. Neb. 2008); In re El Mariachi, LLC, 2008 WL 2756921, at *2 (Bankr. D. Conn. 2008).

An appropriate order shall be entered.

*[signature: Bruce Fox]*
BRUCE FOX
United States Bankruptcy Judge

Dated: March 30, 2009